IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| LATOSHA BOWLIN, NICOLE POTTHAST, AMANDA KATE HUMPHREYS,<br><br>    Plaintiffs,<br><br>v.<br><br>BOARD OF DIRECTORS OF JUDAH CHRISTIAN SCHOOL, BOARD OF EDUCATION OF STAUNTON CUSD #6, BOARD OF EDUCATION OF NORTH MAC CUSD #34,<br><br>    Defendants. | Case No. 22-cv-1390 |

OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court are Motions to Dismiss filed by Defendants Board of Education of Staunton CUSD #6 [Doc. 7], Board of Education of North Mac CUSD #34 [Doc. 12], and Board of Directors of Judah Christian School [Doc. 14].

I.   **FACTUAL ALLEGATIONS**

Plaintiffs are individuals who were employed as teachers or staff members in Illinois elementary or secondary schools. (Doc. 2, Am. Compl., 1.) Plaintiff Latosha Bowlin was employed by Defendant Board of Directors of Judah Christian School in Champaign, Illinois. (*Id.* at 1-2.) Plaintiff Nicole Potthast was employed at Defendant Board of Education of Staunton CUSD #6, while Plaintiff Amanda Kate Humphreys was

employed by Defendant Board of Education of North Mac CUSD #34. (*Id.* at 2.) Plaintiffs claim Defendants' COVID-19 mitigation measures violated their rights. (*Id.*)

On or about September 3, 2021, Illinois Governor J.B. Pritzker issued an Executive Order which required individuals employed as teachers or staff in Illinois public schools to receive the COVID-19 vaccination by September 27, 2021, or be excluded from their places of employment. (*Id.*) The Illinois State Board of Education ("ISBE") and Illinois Department of Public Health ("IDPH") issued joint guidance consistent with the Executive Order. (*Id.*) Subsequently, Defendants implemented COVID-19 Vaccination or Testing Programs for their teachers and employees.

Plaintiffs and other employees who refused to regularly test or receive the COVID-19 vaccination were excluded from their places of employment and placed on unpaid leave beginning on September 27, 2021. (*Id.* at 3.) Plaintiff Humphreys was suspended without pay from her employment on September 11, 2021, and was terminated on December 2, 2021. (*Id.*) Plaintiff Bowlin was also terminated from her employment. (*Id.*) Plaintiff Potthast was suspended without pay from September 27, 2021, until February 7, 2022, when she claims she was forced to choose either resignation from employment or returning to a hostile work environment. (*Id.* at 3-4.)

Plaintiffs allege employees who received the COVID-19 vaccine were not required to be tested regularly for COVID-19. (*Id.* at 4.) Plaintiffs object to being vaccinated or tested for COVD-19 on the basis that vaccination and testing violate their moral consciences. (*Id.*) Plaintiffs argue they hold sincere beliefs that prevent them from submitting to health care procedures which they do not believe to be medically necessary.

(*Id.*) Furthermore, Plaintiffs claim the vaccination violates their moral consciences because they hold sincere beliefs that prevent them from submitting to health care procedures which they reasonably believe relied, in whole or in part, for research and development on the use of stem cells or other materials obtained from aborted fetuses. (*Id.* at 4-5.) Plaintiffs also contend that requiring only unvaccinated individuals to submit to testing violates their moral consciences on the basis that they are being arbitrarily discriminated against in the workplace based on their healthcare choices. (*Id.* at 5.) Plaintiffs allege they were willing to abide by certain COVID-19 protections in lieu of forced vaccination--such as self-monitoring for symptoms, wearing a mask when appropriate, voluntary reporting of potential symptoms, and reasonable testing requirements. (*Id.* at 4.)

In Count I, Plaintiffs allege Defendants' COVID-19 Vaccination or Testing Program violated their rights under Title VII, 42 U.S.C. § 2000e *et seq.*, because they discriminated against Plaintiffs based on their religious beliefs. (*Id.* at 15-16.) In Count II, Plaintiffs allege Defendants' COVID-19 Vaccination or Testing Program violates their rights under the Emergency Use Authorization Act, 21 U.S.C. § 360BBB-3 *et seq.*, because they denied Plaintiffs their statutory right to accept or refuse administration of one of the three available COVID-19 vaccines. (*Id.* at 16-19.) In Count III, Plaintiffs allege Defendants violated their rights under the Illinois Healthcare Right of Conscience Act, 745 ILCS 70/1 *et seq.*, by forcing Plaintiffs to choose between their sincerely held religious beliefs and their employment. (*Id.* at 19.) Plaintiffs also ask the Court to issue a declaratory judgment

proclaiming that the School Defendants' COVID-19 vaccination policies are and were illegal and unlawful under the aforementioned statutes. (*Id.* at 19-21.)

Each Defendant has filed a motion to dismiss Plaintiffs' complaint. [Docs. 7, 12, 14.] For the most part, the motions raise similar arguments. Plaintiffs filed a combined response in opposition to Defendants' motions. (Doc. 21.)

## II. DISCUSSION

### A. Legal Standard

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. *Id.* To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing she is entitled to relief and giving defendants fair notice of the claims. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). However, the complaint must set forth facts that plausibly demonstrate a claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a claim. *See id.* The complaint must do more than assert a right to relief that is "speculative." *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

B. Title VII Claims

Plaintiffs claim that the "Defendants failed to provide Plaintiffs with religious exemptions and reasonable accommodations, thereby discriminating against Plaintiffs because of their religious beliefs." (Doc. 2, 15.) Specifically, Plaintiffs allege neither regular asymptomatic testing nor unpaid leave of absence were a reasonable accommodation of Plaintiffs' religious beliefs because both were discriminatory and created a chilling effect on the exercise of Plaintiffs' sincerely held beliefs. (Doc. 21, Pl. Opp. Def. Mot. Dismiss, 12.)

Title VII forbids employment discrimination on account of religion. *See* 42 U.S.C. § 2000e-2(a)(1). As used in Title VII, "religion" "includes all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or prospective employee's religious observance or practice without undue hardship on the conduct of the employer's business." 42 U.S.C. § 2000e(j). To state a prima facie case of religious discrimination based on failure to accommodate, a plaintiff must allege that (1) "the observance or practice conflicting with an employment requirement is religious in nature;" (2) the employee "called the religious observance or practice to [the] employer's attention;" and (3) "the religious observance or practice was the basis for [the employee's] discharge or other discriminatory treatment." *Porter v. City of Chicago*, 700 F.3d 944, 951 (7th Cir. 2012). If the plaintiff establishes a prima facie case, the employer-defendant must demonstrate that it cannot accommodate plaintiff's religious practice "without undue hardship to his business." *Baz v. Walters*, 782 F.2d 701, 706 (7th Cir. 1986).

To the extent that Plaintiffs requested a religious exemption to vaccination, Defendants offered them a reasonable accommodation--the option to submit to regular testing in lieu of vaccination. Plaintiffs contend this constituted discriminatory treatment because only employees who did not receive the COVID-19 vaccine were required to regularly test for the virus, be placed on unpaid suspension, or terminated from employment. (Doc. 21, 12-13.) Plaintiffs do not identify any religious beliefs that are offended by the regular testing requirement in lieu of vaccination. Instead, Plaintiffs cite the different treatment of employees based on their healthcare choices that Plaintiffs say are pursuant to their religious beliefs. However, it is apparent that Plaintiffs' opposition to COVID-19 testing as an alternative to vaccination is based on personal and medical reasons, such as "health complications including nose bleeds, allergic reactions, irritation of the nasal passages, and exposure to known carcinogens present on the nasal swabs required by Defendants to be used for testing," not sincerely held religious beliefs. (Doc. 2, 5.) Additionally, Plaintiffs' proposed accommodations which include, *inter alia*, wearing a mask when appropriate and reasonable testing requirements, would also result in Plaintiffs being treated differently than employees who received the COVID-19 vaccine. Simply stated, Plaintiffs cannot request an accommodation and then complain they are being treated differently than others due to the requested accommodation.

The Court concludes Defendants provided each Plaintiff with a reasonable accommodation. Title VII does not require the employer to provide the employee with her preferred accommodation or the one most beneficial to the employee. *Porter*, 700 F.3d at 951. Rather, the employer must simply provide an accommodation "that eliminates the

conflict between employment requirements and religious practices." *Id.* "[W[hen any reasonable accommodation is provided, the statutory inquiry ends." *Cosme v. Henderson*, 287 F.3d 152, 158 (7th Cir. 2002). Therefore, the Court grants Defendants' request to dismiss Plaintiffs' Title VII claims asserted in Count I.[1]

To the extent Plaintiffs seek a declaratory judgment under Count I, the Court concludes Plaintiffs' claims are moot. A claim becomes moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *E.F.L. v. Prim*, 986 F.3d 959, 962 (7th Cir. 2021). A claim seeking prospective declaratory relief must be dismissed as moot when relief would be pointless because the policy at issue is no longer in effect. *UWM Student Assoc. v. Lovell*, 888 F.3d 854, 860-61 (7th Cir. 2018). Because the Vaccination or Testing Program no longer exists, the Plaintiffs' claims for declaratory relief are moot.

### C. Emergency Use Authorization Act Claims

In Count II, Plaintiffs allege the Emergency Use Authorization Statute and the Illinois Public Health Code require protective steps before any individual can be required

---

[1] It also appears Plaintiff Humphreys' Title VII claims are subject to dismissal as being time-barred. Defendant North Mac alleges Humphreys received her right-to-sue letter from the EEOC on August 15, 2022, and she filed her initial complaint on November 15, 2022—92 days later. After receiving her right-to-sue letter, a plaintiff must file her Title VII complaint within 90 days. 42 U.S.C. § 2000e-5(f)(1). The 90-day limitation period begins running on the date that the right-to-sue letter is received by the claimant or her attorney. *Jones v. Madison Service Corp.*, 744 F.2d 1309, 1312 (7th Cir. 1984). A plaintiff may claim special circumstances giving rise to waiver, estoppel, or equitable tolling of the 90 day-period in order to avoid the limitations period. *Anooya v. Hilton Hotels Corp.*, 733 F.2d 48, 49 (7th Cir. 1984). Humphreys does not respond to North Mac's argument or provide an affidavit, except to state in a conclusory fashion that each Plaintiff filed her claim within 90 days of receipt of her right-to-sue letter. (Doc. 21, 2.)

to undergo measures allegedly to prevent the spread of infectious disease. (Doc. 21, 6.)

The relevant section of the EUA provides:

> With respect to the emergency use of an unapproved product, the Secretary, to the extent practicable given the applicable circumstances described in subsection (b)(1), shall for a person who carries out an activity for which the authorization is issued, establish such conditions on an authorization under this section as the Secretary finds necessary or appropriate to protect the public health, including the following…
>
> (ii) Appropriate conditions designed to ensure that individuals to whom the product is administered are informed —
>   (I) that the Secretary has authorized the emergency use of the product;
>   (II) of the significant known potential benefits and risks of such use, and of the extent to which such benefits are unknown; and
>   (III) of the option to accept or refuse administration of the product, of the consequences, if any, of refusing administration of the product, and of the alternatives to the product that are available and of their benefits and risks.

21 U.S.C. § 360bbb-3(e)(1)(A)(ii)(III).

Plaintiffs claim they have a right to request protection from the Court regarding experimental medical procedures being "foisted on them" as a condition of employment. Moreover, the implementation of Defendants' policies denied Plaintiffs the right to accept or refuse administration of the COVID-19 vaccines, which at the time were subject only to emergency use approval under EUA.

Plaintiffs' arguments are foreclosed by the statutory language. Section 337(a) of the Federal Food, Drug, and Cosmetic Act provides in relevant part: "Except as provided in subsection (b), all such proceedings for the enforcement, or to restrain violations, of this chapter shall be by and in the name of the United States." 21 U.S.C. § 337(a). Subsection (b) provides that, subject to certain conditions not relevant here, "A State may

bring in its own name and within its jurisdiction proceedings for the civil enforcement, or to restrain violations" of the FDCA. 21 U.S.C. § 337(b)(1). Accordingly, the FDCA does not authorize a private right of action. *See Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 817 (1986) ("Congress has determined that there should be no private, federal cause of action for the [FDCA] violation.").

Plaintiffs provide no authority that the EUA alone or in conjunction with another statute authorizes a private right of action. In fact, Plaintiffs' counsel acknowledged at oral argument that the EUA provides no basis for a private right of action. Therefore, the Court grants Defendants' request to dismiss Plaintiffs' EUA claims asserted in Count II.

### D. Illinois Healthcare Right of Conscience Act Claims

In Count III, Plaintiffs allege Defendants violated their rights under the Illinois Healthcare Right of Conscience Act, 745 ILCS 70/1 *et seq.*, when Defendants' COVID-19 mitigation measures effectively forced Plaintiffs to choose between their sincerely held religious beliefs and their employment. (Doc. 2, 19.) Having determined that the only claims over which the Court has original jurisdiction in Counts I and II will be dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claim under 28 U.S.C. § 1367(c)(3). *See Williams v. Aztar Indiana Gaming Corp.*, 351 F.3d 294, 300 (7th Cir. 2003) ("With the dismissal of [plaintiff's only federal] claim, the sole basis for invoking federal jurisdiction is nonexistent and the federal courts should not exercise supplemental jurisdiction over his remaining state law claims."); *see also Hagan v. Quinn*, 867 F.3d 816, 830 (7th Cir. 2017) ("The usual practice in this circuit is for district courts to 'dismiss without prejudice state supplemental claims whenever all federal

claims have been dismissed prior to trial.'") Thus, Plaintiffs' Illinois Healthcare Right of Conscience Act claims asserted in Count III are dismissed without prejudice.

### III. CONCLUSION

For the reasons stated herein, the Court GRANTS Defendants' Motions to Dismiss. The Court notes that, while Defendants' motions were pending, Plaintiffs filed a motion to amend complaint. (Doc. 17.) On April 4, 2023, United States Magistrate Judge Karen McNaught denied the motion to amend with leave to refile after the ruling on the motion to dismiss. (Text Order of Apr. 4, 2023.) Judge McNaught further stated Plaintiffs may seek leave to amend any claims not dismissed with prejudice.

Under Rule 15(a)(2), leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). District courts have broad discretion to deny leave to amend if amendment would be futile. *Tribble v. Evangelides*, 670 F.3d 753, 761 (7th Cir. 2012). The Court concludes amendment would be futile in this case because Plaintiffs cannot cure the deficiencies as to their federal claims. Plaintiffs' Title VII claims would still fail because Defendants allowed for the reasonable accommodation of testing. While Plaintiffs appear to have abandoned their EUA claims as a separate count in their proposed amended complaint, Plaintiffs ask for a declaratory judgment with respect to the EUA statute. Because the EUA does not provide for a private right of action, Plaintiffs' EUA claims would still fail. Moreover, the amendment does not change the fact that the request for declaratory relief is moot.

For all of these reasons, Defendant Board of Education, Staunton CUSD #6's Motion to Dismiss [Doc. 7] is GRANTED. Defendant Board of Education, North Mac

CUSD #34's Motion to Dismiss [Doc. 12] is GRANTED. Defendant Board of Directors, Judah Christian School's Motion to Dismiss [Doc. 14] is GRANTED. Counts I and II are Dismissed with Prejudice. Pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over the pendent state law claims. Therefore, Count III is Dismissed without Prejudice.

    The Clerk will enter Judgment and terminate this case.

ENTER: September 28, 2023

                                                  COLLEEN R. LAWLESS
                                        UNITED STATES DISTRICT JUDGE